UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS R. DULSKI and JOAN DULSKI,

    Plaintiffs

    vs.

INTUITIVE SURGICAL, INC. and

RYAN SMITH,

    Defendants.

---

TO:    **United States District Court**
        **Western District of New York**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81, defendant INTUITIVE SURGICAL INC. (hereinafter "Intuitive"), by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court, State of New York, County of Erie, in which the above-captioned matter is now pending, to the United States District Court for the Western District of New York. In support of said Notice, Intuitive states as follows:

### Procedural History

1.    Plaintiffs Thomas R. Dulski and Joan Dulski (hereafter "Plaintiffs") filed their "Summons Served With Complaint" and "Complaint" in the office of the Erie County Clerk on February 28, 2010. *See* **Exhibit "B"**, submitted herewith.

2. Plaintiff's Summons and Complaint were served upon Intuitive on February 22, 2010.

## Parties/Diversity Jurisdiction

3. Plaintiffs' Complaint alleges that "plaintiffs are residents of the State of New York, County of Erie." Exhibit B, par. 1. Thus, Plaintiffs are citizens of the State of New York for diversity purposes.

4. Intuitive is a corporation formed under the laws of the State of Delaware, with its principal place of business located at 1266 Kifer Road, Building 101, Sunnyvale, California 94086-5304. Thus, Intuitive is a citizen of the State of Delaware and the State of California for diversity purposes.

5. Defendant Ryan Smith is a resident of the State of New York. Thus, Smith is a citizen of the State of New York for diversity purposes.

6. Although defendant Smith is a non-diverse defendant, the naming of Smith by Plaintiffs constitutes a fraudulent joinder as there is no possibility, based on the pleadings, that Plaintiffs can state a cause of action against Smith in state court. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *NXIVM Corp. v. Ross*, 09-cv-338, 2009 U.S. Dist. LEXIS 52373 (W.D.N.Y. June 22, 2009).

7. Plaintiffs make the following allegations with respect to Smith:

    a) "[D]efendant, Ryan Smith, is an employee of defendant, Intuitive Surgical, Inc." Exhibit B, par. 3.

    b) "Smith is a field engineer for Defendant Intuitive, responsible for maintaining and repairing DaVinci surgical system/machine." Exhibit B, par. 4.

    c) "Defendants [Intuitive and Smith] negligently, carelessly and recklessly designed, manufactured, planned, maintained, repaired, sold and/or distributed to Mercy Hospital of Buffalo a DaVinci surgical system/machine that was defective… ." Exhibit B, par. 14.

d) "[T]he DaVinci surgical system/machine was defectively designed, manufactured, planned, sold, maintained and repaired and/or distributed by defendants, and that the design was defective in that the DaVinci surgical system/machine malfunctioned numerous times during surgery on January 9, 2007... ." Exhibit B, par. 17.

e) "[D]efendants are strictly liable in tort to Plaintiffs." Exhibit B, par. 20.

f) "[D]efendants made certain warranties, both express and implied, with respect to the Davinci surgical system/machine which was possessed by Mercy Hospital of Buffalo." Exhibit B, par. 23. "[T]hose warranties, both express and implied, were breached by defendants." Exhibit B, par. 24.

g) "[D]efendants knew or should have known that the DaVinci surgical system/machine was defective and unsafe and it was the duty of defendants to warn and notify plaintiffs of said dangers, and ... defendants wholly failed to do so." Exhibit B, par. 28.

8. Plaintiffs do not contend that any alleged acts or omissions of Smith were committed outside the scope of his employment with Intuitive. There is no allegation in the complaint of any independent tortious conduct on the part of Smith. Exhibit B.

9. As Smith, based upon the allegations of the complaint, acted within the course and scope of his employment with Intuitive, he may not be held liable to Plaintiffs in his individual capacity. *Murtha v. Yonkers Child Care Association, Inc.*, 45 NY2d 913, 411 NYS2d 219 (1978); *Ali v. Pacheco*, 19 AD3d 439, 440, 797 NYS2d 101 (2d Dept. 2005); Parris v. Eastsice Hotel Associates, L.P., 293 AD2d 659, 740 NYS2d 635 (2d Dept. 2002); *Mendez v. City of New York*, 259 AD2d 441, 442, 687 NYS2d 346 (1st Dept. 1999).

10. As Plaintiffs' complaint does not allege that Smith acted outside the scope of his employment with Intuitive, and Smith may not be held liable in his individual capacity for the alleged torts of Intuitive, there is no possibility that Plaintiffs can state a cause of action against Smith in state court.

11. Accordingly, as the naming of Smith as a defendant constitutes "fraudulent joinder", complete diversity of citizenship exists with respect to all *properly named* parties.

**Amount in Controversy/Subject Matter Jurisdiction**

12. Plaintiffs' complaint alleges that, as the result of the asserted negligence of Intuitive, Plaintiff Thomas Dulski sustained "severe, permanent and painful injuries" and "has been damaged as a result thereof in an amount *substantially in excess* of the jurisdictional limits of all lower courts." Exhibit B, pars. 15, 21, 24, 29 (emphasis added). The complaint further alleges that Plaintiff Joan Dulski "has been deprived of the comfort, society and services of her husband... and has suffered damages of a derivative nature in an amount *substantially in excess* of the jurisdictional limits of all lower courts." Exhibit B, par. 31 (emphasis added).

13. Based upon the foregoing, upon information and belief, the value of the injuries allegedly suffered by Plaintiffs (without conceding any liability for such injuries on the part of Intuitive) and the amount sought by Plaintiffs exceeds $75,000. Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

14. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

15. This Notice of Removal is filed with this Court "within thirty (30) days after the receipt by the defendant [Intuitive], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based... ." *See* 28 U.S.C. § 1446(b).

## Consent of All Defendants

16. To date, Defendant Ryan Smith has not been served with Plaintiffs' complaint. When, and if, the complaint is served upon Defendant Smith he will be represented by the undersigned. Defendant Smith consents to removal of this action to the Western District of New York.

## Procedural Requirements

17. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorneys of record, and is being filed with the Clerk of the Court, Supreme Court, County of Erie.

18. An Index of all documents filed to date in the State court action is attached hereto as **Exhibit "A"** pursuant to Local Rule 81(a)(3)(A). Copies of all documents filed in the State court action are attached hereto as **Exhibit "B"** pursuant to local Rule 81(a)(3)(B).

**WHEREFORE**, Defendant INTUITIVE SURGICAL, INC. files this notice of removal so that the entire state court action under Index No. 20100230 now pending in the State of New York, Supreme Court, County of Erie, be removed to this court for all further proceedings.

Dated: Buffalo, New York
       March 18, 2010

Respectfully submitted,

GOLDBERG SEGALLA LLP

By: *s/Joseph L. Mooney*
Joseph L. Mooney
*Attorneys for Defendant Intuitive Surgical, Inc.*
665 Main Street, Suite 400
Buffalo, New York 14203
jmooney@goldbergsegalla.com

and

        Michael D. Shalhoub, Esq.
*Attorneys for Defendant Intuitive Surgical, Inc.*
Goldberg Segalla LLP
11 Martine Avenue, Suite 750
White Plains, New York 10606-1934
(914)798-5400
mshalhoub@goldbergsegalla.com

To:    John M. Dempsey, Esq.
DEMPSEY & DEMPSEY
*Attorneys for Plaintiffs Thomas Dulski and Joan Dulski*
561 Franklin Street
Buffalo, New York 14202
(716) 885-8645

# EXHBIT "A"

## Index pursuant to Local Rule 81(a)(3)(A)

1. Summons Served with Complaint and Complaint, filed December 28, 2009

**EXHIBIT "B"**

Summons Served with Complaint and Complaint (Erie County Index No. 201002230)

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

THOMAS R. DULSKI and JOAN DULSKI,
6 Morris Crescent
West Seneca NY 14224,
                              Plaintiffs,

       -vs-                                    **SUMMONS Served**
                                                  **with COMPLAINT**

INTUITIVE SURGICAL, INC.,
1266 Kifer Road, #101
Sunnyvale, CA 94086,

RYAN SMITH,
1266 Kifer Road, #101
Sunnyvale, CA 94086,
                              Defendants.

---

       To the above named Defendants:

       YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiffs' attorney, at the address stated below, a written Answer to the attached Complaint.

       If this Summons is served upon you within the State of New York by personal service, you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

       If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

       This action is brought in the County of Erie because of:
            (X) Plaintiff's residence, or place of business;
            ( ) Defendant's residence; or
            ( ) Designation made by Plaintiff.

DEMPSEY & DEMPSEY / ATTORNEYS AT LAW / BUFFALO, NEW YORK 14202

Date: December 24, 2009
Buffalo, New York

        Yours, etc.,
           DEMPSEY & DEMPSEY

        By: _____S/_____
           JOHN M. DEMPSEY, ESQ.
           Attorneys for Plaintiffs
           561 Franklin Street
           Buffalo, New York 14202
           (716) 885-8645

DEMPSEY & DEMPSEY / ATTORNEYS AT LAW / BUFFALO, NEW YORK 14202

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

THOMAS R. DULSKI and JOAN DULSKI,

                Plaintiffs,

-vs-                                                                                         **Complaint**

INTUITIVE SURGICAL, INC.,
RYAN SMITH,

                Defendants.

---

Plaintiffs, by and through their attorneys, DEMPSEY & DEMPSEY, for their complaint against defendants in the above-captioned action, states as follows:

1. That at all times hereinafter mentioned, plaintiffs are residents of the State of New York, County of Erie.

2. That upon information and belief and at all times hereinafter mentioned, defendant, Intuitive Surgical Inc., is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located at 1266 Kifer Road, #101, Sunnyvale, California.

3. That upon information and belief and at all times hereinafter mentioned, defendant, Ryan Smith, is an employee of defendant, Intuitive Surgical, Inc.

4. That upon information and belief and at all times hereinafter mentioned, defendant Smith is a field engineer for defendant Intuitive, responsible for maintaining and repairing DaVinci surgical system/machine.

5. That upon information and belief and at all times hereinafter mentioned, the defendants did transact business within the State of New York; contracted to supply goods or services in the State of New York.

6. That upon information and belief and at all times hereinafter mentioned, the defendants committed a tortious act without the State of New York, causing injury to plaintiff, Thomas R. Dulski, within the State of New York.

7. That upon information and belief defendants committed a tortious act within New York State causing injury within New York State to Thomas R. Dulski.

8. That upon information and belief and at all times hereinafter mentioned, the defendants regularly conduct and/or solicit business or engage in other persistent courses of conduct or derive substantial revenue from goods used or consumed or for services rendered in the State of New York.

9. Defendants expect or should have reasonably expected that their tortious acts would have consequences in the State of New York, and defendants derived substantial revenue from interstate or international commerce.

10. That upon information and belief and at all times hereinafter mentioned, the defendants regularly solicit business within the State of New York and do engage in a persistent course of conduct of distributing, retailing and transporting certain products within and to the State of New York, and derive substantial revenues from goods and services rendered in the State of New York.

11. That upon information and belief and at all times hereinafter mentioned, the defendants, on or before January 9, 2007, and up to the present, reasonably expected and/or had reason to expect that plaintiff, Thomas R. Dulski, or anyone else could be injured by its product in the State of New York. In addition, said defendants derive substantial revenue from sales in the State of New York and from interstate or international commerce.

### FOR A FIRST, SEPARATE AND DISTINCT
### CAUSE OF ACTION - NEGLIGENCE

12. That plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 with full force and effect the same as if each were more fully set forth herein.

13. That on or about January 9, 2007, plaintiff, Thomas R. Dulski, sustained severe bodily injuries when the DaVinci surgical system/machine malfunctioned during plaintiff's prostate surgery, which was being conducted at Mercy Hospital of Buffalo, 565 Abbott Road, Buffalo, New York, by Anthony R. Riccotone, M.D. and Christopher Kopp, M.D., which injuries were caused and/or contributed to by the negligence of defendants.

14. That upon information and belief and at all times hereinafter mentioned, defendants negligently, carelessly and recklessly designed, manufactured, planned, maintained, repaired, sold and/or distributed to Mercy Hospital of Buffalo a DaVinci surgical system/machine that was defective, which severely and permanently injured plaintiff, Thomas R. Dulski.

15. That solely due to the negligence of defendants, plaintiff, Thoms R. Dulski, has suffered severe, permanent and painful injuries by reason of which he has been rendered sick, sore, lame and disabled; has been and will be unable to perform his usual duties; and has been damaged as a result thereof in an amount substantially in excess of the jurisdictional limits of all lower courts.

FOR A SECOND, SEPARATE AND DISTINCT

CAUSE OF ACTION - STRICT PRODUCTS LIABILITY

16. That plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 with full force and effect the same as if each were more fully set forth herein.

17. That upon information and belief and at all times hereinafter mentioned, the DaVinci surgical system/machine was defectively designed, manufactured, planned, sold, maintained and repaired and/or distributed by defendants, and that the design was defective in that the DaVinci surgical system/machine malfunctioned numerous times during surgery on January 9, 2007, and was a substantial factor in causing the injuries to plaintiff, Thomas R. Dulski.

18. That at the time of plaintiff's injuries, said DaVinci surgical system/machine was being used in a reasonable manner foreseeable by defendants.

19. That because of the above-mentioned defect, the DaVinci surgical system/machine was not fit for the purpose for which it was intended.

20. That defendants are strictly liable in tort to plaintiffs.

21. That by reason of the foregoing allegations, plaintiff, Thomas R. Dulski, suffered severe, permanent and painful injuries, by reason of which he has been rendered sick, sore, lame and disabled; has been and will be unable to perform his usual duties; and has been damaged as a result thereof in an amount substantially in excess of the jurisdictional limits of all lower courts.

## FOR A THIRD, SEPARATE AND DISTINCT
## CAUSE OF ACTION - WARRANTY

22. That plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 with full force and effect the same as if each were more fully set forth herein.

23. That defendants made certain warranties, both express and implied, with respect to the DaVinci surgical system/machine which was possessed by Mercy Hospital of Buffalo.

24. That those warranties, both express and implied, were breached by defendants, causing plaintiff, Thomas R. Dulski, to suffer severe, permanent and painful injuries, by reason of which he has been rendered sick, sore, lame and disabled; has been and will be unable to perform his usual duties; and has been damaged as a result thereof in an amount substantially in excess of the jurisdictional limits of all lower courts.

## FOR A FOURTH, SEPARATE AND DISTINCT
## CAUSE OF ACTION - FAILURE TO WARN

25. That plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 with full force and effect the same as if each were more fully set forth herein.

26. That the DaVinci surgical system/machine located at Mercy Hospital of Buffalo, was inherently dangerous and defective in that it placed plaintiff, Thomas R. Dulski, in imminent danger.

27. That plaintiffs had no knowledge of the dangers or defects of the DaVinci surgical system/machine.

28. That defendants knew or should have known that the DaVinci surgical system/machine was defective and unsafe and it was the duty of defendant to warn and notify plaintiffs of said dangers, and that defendants wholly failed to do so.

29. That due to defendant's failure to warn of the inherent danger of the DaVinci surgical system/machine, plaintiff, Thomas R. Dulski, was caused to suffer severe, permanent and painful injuries, by reason of which he has been rendered sick, sore, lame and disabled; has been and will be unable to perform his usual duties; and has been damaged as a result thereof in an amount substantially in excess of the jurisdictional limits of all lower courts.

## FOR A FIFTH, SEPARATE AND DISTINCT

## CAUSE OF ACTION - DERIVATIVE

30. That plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 29 with full force and effect the same as if each were more fully set forth herein.

31. That due to the negligence of defendants, plaintiff, Joan Dulski, has been deprived of the comfort, society, services and companionship of her husband, Thomas R. Dulski, and has suffered damages of a derivative nature in an amount substantially in excess of the jurisdictional limits of all lower courts.

WHEREFORE, plaintiffs demand judgment against the defendants in the first, second, third, fourth and fifth causes of action in an amount substantially in excess of the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Date:  December 24, 2009
       Buffalo, New York

Yours, etc.,

DEMPSEY & DEMPSEY

By: _____
JOHN M. DEMPSEY, ESQ.
Attorneys for Plaintiffs
561 Franklin Street
Buffalo, New York 14202
(716) 885-8645

SJL/smp/lms

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant's Notice of Removal in the above-captioned matter was served upon the following-named person on the 18th day of March, 2010, via regular mail, postage prepaid:

John M. Dempsey, Esq.
DEMPSEY & DEMPSEY
*Attorneys for Plaintiffs Thomas Dulski*
*and Joan Dulski*
561 Franklin Street
Buffalo, New York 14202
(716) 885-8645

                                  *s/Joseph L. Mooney*
                                  Joseph L. Mooney, Esq.
                                  GOLDBERG SEGALLA LLP
                                  665 Main Street, Suite 400
                                  Buffalo, New York  14203
                                  (716) 566-5400
                                  jmooney@goldbergsegalla.com