UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS R. DULSKI and JOAN DULSKI,

    Plaintiffs

    vs.

INTUITIVE SURGICAL, INC. and

RYAN SMITH,

    Defendants.

**ANSWER OF DEFENDANT INTUITIVE SURGICAL, INC.**

1:10-cv-234

_____

Defendant, INTUITIVE SURGICAL, INC. (hereafter "Intuitive"), by and through its attorneys, Goldberg Segalla LLP, as and for its Answer to the complaint of Plaintiffs Thomas R. Dulski (hereafter "Plaintiff") and Joan Dulski (hereafter collectively "Plaintiffs"), states as follows:

1.    Intuitive denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiffs' complaint.

2.    Intuitive admits the allegations contained in paragraph 2 of Plaintiffs' complaint.

3.    Intuitive admits the allegations contained in paragraph 3 of Plaintiffs' complaint.

4.    Intuitive admits that Ryan Smith was a Field Service Engineer for Intuitive and further admits that in the course and scope of said employment he did perform maintenance and repairs on daVinci systems as requested by Intuitive. Intuitive denies all other allegations contained in paragraph 4 of Plaintiffs' complaint.

5. Intuitive is unable to set forth an answer with respect to the allegations contained in paragraph 5 of Plaintiffs' complaint as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

6. Intuitive denies the allegations contained in paragraph 6 of Plaintiffs' complaint.

7. Intuitive denies the allegations contained in paragraph 7 of Plaintiffs' complaint.

8. Intuitive is unable to set forth an answer with respect to the allegations contained in paragraph 8 of Plaintiffs' complaint as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

9. With respect to paragraph 9 of Plaintiffs' complaint, Intuitive denies the allegation that it committed "tortious acts." Intuitive is unable to set forth an answer with respect to the remaining allegations contained therein as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

10. Intuitive is unable to set forth an answer with respect to the allegations contained in paragraph 10 of Plaintiffs' complaint as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

11. Intuitive denies the allegations contained in paragraph 11 of Plaintiffs' complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION**

12. In response to paragraph 12 of Plaintiffs' complaint, Intuitive repeats and realleges its responses to paragraphs 1-11 with the same force and effect as if fully set forth herein.

13. Intuitive denies the allegations contained in paragraph 13 of Plaintiffs' complaint.

14. Intuitive denies the allegations contained in paragraph 14 of Plaintiffs' complaint.

15. Intuitive denies the allegations contained in paragraph 15 of Plaintiffs' complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION**

16. In response to paragraph 16 of Plaintiffs' complaint, Intuitive repeats and realleges its responses to paragraphs 1-15 with the same force and effect as if fully set forth herein.

17. Intuitive denies the allegations contained in paragraph 17 of Plaintiffs' complaint.

18. Intuitive is unable to set forth an answer with respect to the allegations contained in paragraph 18 of Plaintiffs' complaint as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

19. Intuitive denies the allegations contained in paragraph 19 of Plaintiffs' complaint.

20. Intuitive denies the allegations contained in paragraph 20 of Plaintiffs' complaint.

21. Intuitive denies the allegations contained in paragraph 21 of Plaintiffs' complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION**

22. In response to paragraph 22 of Plaintiffs' complaint, Intuitive repeats and realleges its responses to paragraphs 1-21 with the same force and effect as if fully set forth herein.

23. Intuitive is unable to set forth an answer with respect to the allegations contained in paragraph 23 of Plaintiffs' complaint as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

24. Intuitive denies the allegations contained in paragraph 24 of Plaintiffs' complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION**

25. In response to paragraph 25 of Plaintiffs' complaint, Intuitive repeats and realleges its responses to paragraphs 1-24 with the same force and effect as if fully set forth herein.

26. Intuitive denies the allegations contained in paragraph 26 of Plaintiffs' complaint.

27. With respect to paragraph 27 of Plaintiffs' complaint, Intuitive denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "plaintiffs had no knowledge of the dangers or defects of the DaVinci surgical system/machine", but denies that there were any "defects" in the product. However, insofar as Intuitive is required to answer, it denies the allegations.

28. With respect to paragraph 28 of Plaintiffs' complaint, Intuitive denies the allegation that the product was "defective and unsafe". Intuitive is unable to set forth an answer with respect to the remaining allegations contained therein as such allegations call for a legal conclusion. However, insofar as Intuitive is required to answer, it denies the allegations.

29. Intuitive denies the allegations contained in paragraph 29 of Plaintiffs' complaint.

## AS AND FOR A RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION

30. In response to paragraph 30 of Plaintiffs' complaint, Intuitive repeats and realleges its responses to paragraphs 1-29 with the same force and effect as if fully set forth herein.

31. Intuitive denies the allegations contained in paragraph 31 of Plaintiffs' complaint.

32. Intuitve denies each and every allegation in all causes of action not heretofore controverted.

## AFFRIMATIVE DEFENSES

By alleging the matters set forth below, Intuitive does not admit or allege that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.

## FIRST AFFIRMATIVE DEFENSE

33. That one or more of the causes of action contained in the Complaint are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

34. That whatever damages may have been sustained at the time and place alleged in the Complaint by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and without any negligence on the part of defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of plaintiff.

### THIRD AFFIRMATIVE DEFENSE

35. That the equitable share of liability, if any, of defendant, Intuitive shall be determined pursuant to the provisions of Article 16 of the CPLR.

### FOURTH AFFIRMATIVE DEFENSE

36. The amount of alleged damages claimed by plaintiff should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

### FIFTH AFFIRMATIVE DEFENSE

37. That plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

38. That plaintiff's injuries and damages, if any, were caused exclusively by the intervening, superseding negligence of others.

### SEVENTH AFFIRMATIVE DEFENSE

39. If the plaintiff sustained the injuries and damages alleged, then said injuries and damages were proximately caused by persons and/or entities not connected with Intuitive, and for whom Intuitive bears no legal responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

40. That the product allegedly designed, manufactured, distributed and sold by Intuitive was state of the art at the time of its sale and was manufactured and prepared according to the generally recognized and prevailing standards in existence at the time of its sale, and the state of knowledge or state of the art at the time of manufacture of the product did not reasonably permit Intuitive to know about, or to take steps sufficient to alleviate, the alleged risk of which plaintiff complains, assuming such risk ever existed.

### NINTH AFFIRMATIVE DEFENSE

41. That at all times relevant herein, defendant utilized proper and accepted selling methods with respect to any product at issue herein, in conformity with the state of the art and the knowledge and research of the scientific community.

### TENTH AFFIRMATIVE DEFENSE

42. That Intuitive's products were sold to and used by "sophisticated users," who either knew or should have known of the nature of the products alleged to have been used with respect to plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

43. That plaintiff's claims are barred under the learned intermediary doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

44. That the product at issue is not defective because a reasonable health care provider, knowing of the foreseeable risks and therapeutic benefits of the product, would use the product in treatment of patients.

### THIRTEENTH AFFIRMATIVE DEFENSE

44. That plaintiff's alleged injuries, if any, were not the result of any act or omission on the part of Intuitive but exist by reason of operation of nature or idiosyncratic or allergic reaction over which Intuitive had no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

45. That the product is not unreasonably dangerous.

### FIFTEENTH AFFIRMATIVE DEFENSE

46. That pursuant to New York law and Restatement (Second) of Torts, section 402A, Comment K, and Restatement (Third) of Torts, section 6, the product at issue is not deemed

defective or unreasonably dangerous given that the product was accompanied by proper directions and adequate warnings.

### SIXTEENTH AFFIRMATIVE DEFENSE

47. That one or more of the causes of action in the Complaint fail to state a cause of action upon which relief may be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

48. That the Complaint fails to allege sufficient facts to fully apprise Intuitive of the nature of the claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

49. That any cause of action premised on breach of warranty, expressed or implied, is barred by the applicable provisions of N.Y.U.C.C.

### NINETEENTH AFFIRMATIVE DEFENSE

50. That plaintiff's claims are barred because the benefits of the product outweighed the risks, if any, that might be associated with the product.

### TWENTIETH AFFIRMATIVE DEFENSE

51. That at all times relevant herein, product warnings, instructions and labeling were adequate and in compliance with all applicable Federal, State and industry ordinances, regulations and guidelines.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

52. That if the plaintiff was injured as alleged in the Complaint, Intuitive's alleged failure to provide proper adequate warnings, instructions and labeling, assuming Intuitive had such duty, was not the proximate cause of such injuries.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

53. That plaintiff's claims are barred by federal preemption.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

54. That plaintiff's claims are preempted in whole or in part under the supremacy clause of the Constitution of the United States, because the involved product has been approved by the FDA and have been tested, manufactured, and labeled in accordance with FDA requirements, pursuant to 21 U.S.C. § 301, et seq.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

55. That any product that is the subject at issue was merchantable and reasonably suited to the use intended and its condition when sold was not the proximate cause of any alleged injury to the plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

56. Intuitive reserves its right to assert any additional defenses and matters in avoidance as may be appropriate based upon the facts and issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, defendant, INTUITIVE SURGICAL, INC., demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: Buffalo, New York  
March 25, 2010

Respectfully submitted,

GOLDBERG SEGALLA LLP

By: s/Joseph L. Mooney  
Joseph L. Mooney  
*Attorneys for Defendant Intuitive Surgical, Inc.*  
665 Main Street, Suite 400  
Buffalo, New York 14203  
jmooney@goldbergsegalla.com

and

Michael D. Shalhoub, Esq.
*Attorneys for Defendant Intuitive Surgical, Inc.*
Goldberg Segalla LLP
11 Martine Avenue, Suite 750
White Plains, New York 10606-1934
(914)798-5400
mshalhoub@goldbergsegalla.com

**Certificate of Service**

I hereby certify that a true and correct copy of Defendant's Answer to Complaint in the above-captioned matter was served upon the following non-CM/ECF participants on the 25th day of March, 2010, via regular mail, postage prepaid:

John M. Dempsey, Esq.
DEMPSEY & DEMPSEY
*Attorneys for Plaintiffs Thomas Dulski
and Joan Dulski*
561 Franklin Street
Buffalo, New York 14202
(716) 885-8645

s/Joseph L. Mooney, Esq.
Joseph L. Mooney , Esq.
GOLDBERG SEGALLA LLP
665 Main Street, Suite 400
Buffalo, New York  14203
(716) 566-5400
jmooney@goldbergsegalla.com