UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS R. DULSKI
and
JOAN DULSKI,

       Plaintiffs    10-CV-0234A(Sr)

v.

INTUITIVE SURGICAL, INC.,
and
RYAN SMITH,

       Defendants.

---

### REPORT, RECOMMENDATION AND ORDER

    This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7. Currently before the Court is plaintiffs' motion to remand this action to New York State Supreme Court, Erie County, and for costs in accordance with 28 U.S.C. § 1447(c). Dkt. #8. For the following reasons, it is recommended that plaintiffs' motion be denied.

### BACKGROUND

    Plaintiff Thomas R. Dulski, underwent a radical protectomy with a DaVinci robotic surgical device on January 9, 2007. Dkt. 10, ¶ 3. During the course of the procedure, the DaVinci robotic surgical device created a hole in plaintiff's colon. Dkt. 10, ¶ 4.

    Plaintiff initially commenced a medical malpractice action against the surgeons in New York State Supreme Court, Erie County, and his wife, Joan Dulski,

sought damages for loss of consortium. Dkt. 10, ¶ 5. During the course of discovery in the medical malpractice action, plaintiffs learned that approximately 21 service calls costing $199,295 were made on the DaVinci robotic surgical device prior to Thomas Dulski's surgery and that defendant Ryan Smith worked on the device 18 times and as recently as six days prior to plaintiff's surgery. Dkt. 10, ¶¶ 6-7. As a result, plaintiffs commenced a second action in New York State Supreme Court, Erie County, alleging that defendant Intuitive Surgical, Inc. and it's employee, defendant Ryan Smith, "negligently, carelessly and recklessly designed, manufactured, planned, maintained, repaired, sold and/or distributed" the DaVinci robotic surgical device. Dkt. #10-4.

Defendant removed the action to this Court on March 18, 2010. Dkt. #1. As of the date of the filing of this motion, defendant Ryan Smith had not been served in this action. Dkt. 10, ¶ 8.

## DISCUSSION AND ANALYSIS

In its Notice of Removal, defendant argues that although Ryan Smith is a citizen of the State of New York, his joinder was fraudulent because his actions were within the scope of his employment with Intuitive Surgical, Inc. Dkt. #1, ¶¶ 5 & 9. Specifically, defendant argues that even if Ryan Smith performed the repairs and/or maintenance of the device in a negligent manner, liability would rest with his employer, Intuitive Surgical, Inc. Dkt. #11, ¶ 13. Defendant notes that there is no allegation that Ryan Smith acted outside the scope of his employment with Intuitive Surgical, Inc. Dkt. #11, ¶ 15.

Plaintiff responds that it is possible to state a claim against Ryan Smith "for negligence in his capacity as a field engineer in maintaining or repairing the subject device separate and apart from any corporate negligence in failing to warn, breach of warranty, or strict products liability in selling the subject device." Dkt. 10, ¶ 26. Plaintiff

also notes that this action should be joined with the medical malpractice action to avoid a situation where the defendants in the medical malpractice action blame the defendants in the product liability action. Dkt. 10, ¶ 23. Finally, plaintiff argues that the action should be remanded because defendant has failed to determine the amount in controversy as provided by Section 3017(c) of New York's Civil Procedure and Practice Laws. Dkt. #13, ¶ 15.

Defendant argues that it would consent to remand to state court if defendants would stipulate that they are seeking $75,000 or less in damages. Dkt. #15, ¶ 3. Defendant notes that plaintiff's deposition testimony in the medical malpractice action asserts that plaintiff suffered erectile dysfunction, incontinence, urination out of his rectum, defecation and release of gas through his penis, discharge from his penis and passing of urine from his colon. Dkt. #15, ¶ 4. Defendant notes that plaintiff underwent an ileostomy, required a catheter and colostomy bag, and underwent additional surgical procedures on February 9, 2007, April 4, 2007, November 9, 2007 and April 25, 2008. Dkt. #15, ¶ 4. Portions of plaintiff's deposition testimony in the medical malpractice action are attached to defendant's response to the motion to remand. Dkt. #15-1.

**Fraudulent Joinder**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

"The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's proceedings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

The New York State Court of Appeals has recognized as "hornbook law" that "the doctrine of *respondeat superior* renders a master vicariously liable for a tort committed by his servant while acting within the scope of his employment." *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979). As plaintiffs' complaint alleges that Ryan Smith was acting as "a field engineer for defendant Intuitive, responsible for maintaining and repairing [the] DaVinci surgical system/machine," (Dkt. #10-4, ¶ 4), the liability for any negligence, carelessness or recklessness by Ryan Smith in the course of those duties would lie with defendant Intuitive Surgical, Inc. As the allegations of the complaint fail to state a cause of action against Ryan Smith in his individual capacity, his joinder cannot defeat diversity jurisdiction.

**Amount in Controversy**

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). To determine whether a removing defendant has established the amount in controversy, courts first look to the plaintiffs' complaint and

then to the defendant's petition for removal. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

In the instant case, the complaint fails to establish the amount in controversy because section 3017(a) of New York's Civil Practice Law and Rules ("CPLR"), prohibits a complaint in an action to recover damages for personal injuries or wrongful death to contain a demand for the relief to which the pleader deems himself entitled. As a result, the complaint states only that plaintiff was "severely and permanently injured" and "suffered severe, permanent and painful injuries by reason of which he has been rendered sick, sore, lame and disabled; and has been and will be unable to perform his usual duties; and has been damaged as a result thereof in an amount substantially in excess of the jurisdictional limits of all lower courts." Dkt. #1, pp.13-17, ¶¶ 14-15, 21, 24 & 29. This is insufficient to support removal. *See Bellocchio v. Enodis Corp.*, 499 F. Supp.2d 254, 256 (E.D.N.Y. 2007); *Yonkosky v. Hicks*, 409 F. Supp.2d 149, 156 (W.D.N.Y. 2005); *Felipe v. Target Corp.*, 572 F. Supp.2d 455, 459 (S.D.N.Y. 2008). The Notice of Removal simply relies upon the allegations in the complaint. Dkt. #3, ¶¶ 12-13.

Section 3017(c) of the CPLR provides a mechanism for the defendant to determine the amount in controversy, providing that

> a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section.

CPLR § 3017(c). It does not appear as though defendant utilized this procedure.

"Where the pleadings . . . are inconclusive as to the amount in controversy . . . federal courts may look outside the pleadings to other evidence in the record." *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 305 (2d Cir. 1994). For example, courts have considered medical records of plaintiffs in order to infer the amount in controversy. *See Yonkosky*, 409 F. Supp. at 157. In the instant case, defendants attached portions of plaintiff's deposition testimony claiming erectile dysfunction, incontinence, urination out of his rectum, defecation and release of gas through the penis, discharge from the penis and passing of urine from the colon. Dkt. #15, ¶ 4. Moreover, defendants affirm that plaintiff underwent an ileostomy, required the use of a catheter and colostomy bag and required four additional surgical procedures to address the issues resulting from the surgical procedure at issue in this action. Dkt. #15, ¶ 4. This is more than sufficient to demonstrate a reasonable probability that plaintiff's damages exceed $75,000.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the motion to remand this action to the New York State Supreme Court, Erie County, be denied as the allegations of the complaint do not support a claim against the non-diverse defendant in his individual capacity and the plaintiff's deposition testimony in the medical malpractice action and defendant's affirmation of plaintiff's medical condition demonstrate a reasonable probability that plaintiff's damages exceed $75,000.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to

comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
              January 19, 2011

                                             *S/ H. Kenneth Schroeder, Jr.*
                                             **H. KENNETH SCHROEDER, JR.**
                                             **United States Magistrate Judge**